Mr Chief'Justice Marshall,
 

 delivered the opinion of the Court.
 

 In 1793, the státe of Maryland passéd an act incorporating the hank of Columbia, which contains the following section: “ And, whereas it is-absehitely necessary that debts due to the said bank should be punctually paid,, to enable the directors to calculate with certainty and precision on meeting the demands that may be made upon them. Be it enacted, that whenever any person or persons are indebted to the said bank for ‘moneys borrowed by them, or . for bonds, bills or notes given or indorsed by them, with an express consent
 
 *672
 
 in writing that they may be made negotiable at the said bank, and' shall refuse -or neglect to make payment'at the time the same becomes due, the president shall cause a demand in writing on the person, of the said delinquent or delinquents, having consented as' afóresaid, or if -not to be found, have the. same left at his last place of abode; and if the money so due shall,not be paid within ten days after such demand made/or notice left at his last place of abode as aforesaid, it,shall' and may be lawful for the president, at his election, to write'to the clerk of the general court, or of the county in which the said delinquent or delinquents may reside, or did at the time he or they contracted the debt reside, and send to the said clerk the boqd, bilb or note due, with proof- of the demand made as afóresaid, and order the said clerk to issue capias ad satisfaciendum, fieri facias, or attachment by way of execution, on which the debt and costs may be levied, by selling the property,of- the defendant for the sum or sums of money mentioned in the said bond, bill of note; and the cldrk of'the general court, apd the'clerks of the several cóiínty courts; are hereby respectively required to issue such execution or executions, which'shall be made returnable to, the court whose clerk shall issue thé-same which shall first sit after the issuing thereof,
 
 and shall be.as. valid, and as effectual in law', to all intents and purposes, as if the. same had issued on judgment regularly obtained in
 
 the:
 
 ordinary course of proceeding in the said court;,
 
 and such . execution or executions shall not be liable to bé stayed or delayed .by any supersedeas, writ of error, appeal, or injunction from thd chancellor ; provided always, that' before any execution shall issue as aforesaid,, the president of the bank shall make an oath, (or affirfriation if he shall be of such religious society as allowed by this state to' make affirmation), ascertaining whether the whole orw.hat p.art of the debt, due to -the bank on the said bond, bill or note’, is,due; which oath or affirmation shall be filed in the office of the clerk of the pourt from which the execution shall issue; and if the defendant shall
 
 dispute
 
 the whole or any part of the said
 
 debt,
 
 on the. return of the execution, the court before' whom it ,is returned shall and may order an issue to be joined, arid trial
 
 *673
 
 to be had in the same court at which the return is made; and shall make such' other proceedings that justice may be done in the speediest manner.”
 

 In pursuance of these provisions, of the act,, á capias ad satisfaciendum was issued; by the bank, against the defendant, on a promissory note, signed by him and-indorsed to the bank. The defendant appeared in court, and claimed the right allowed by the ¿ct to
 
 dispute
 
 the debt; upon whiqh the court orderedan issue to. be made up between the parties.
 

 The plaintiff offered to file a declaration, tendering an issue on a wager, to which, the defendant objected,, and the court sus.iained the objection. A declaration in assumpsit was then filed, to .which the defendant pleaded the statute of limitations.
 

 On the trial, the defendant moved the court to instruct the jury, that if they should be satisfied by the evidence, that three, years had elapsed, between, the expiration' of. the time limited for the payment of the said note, and the issii ing of the execution by the clerk in this cause, upon the letter and paper sent-by the president of the bank, and given ■in evidence j they ought to find a verdict for the defendant, ori the issue joined on the plea of the statute of limitations.
 

 The court gave the- instruction required, an.d théjury found á verdict for Jhe defendant. The counsel for the pláin-tiff excepted to the opinion, and has brought the cause into this Court by writ of error.
 

 The. execution being the first process under this extraer-diriary act, its emanation, must be equivalent, so far as respects the bar created, by the act of limitations, to, suing out original process in a suit commenced in the usual way. Thére js, therefore, no error.in that part of the instruction which relates to the period to which time was to be, calculated; ahd the only inquiry is, whether the defendant could avail himself of the act of limitations.
 

 The great object of the incorporating act appears to have been, to give the bank the most expeditious remedy possible, for the collection of the money due to it. The affidavit of the president supplies ithe place, of. a judgment, and those proceedings after judgment, which are allowed for the pur
 
 *674
 
 poses of justice, bat may be used for mere delay, are taken away. The execution
 
 “
 
 shall not be liable to be stayed or delayed by any supersedeas, writ of error, appeal, or injunction from the chancellor.” But the law did not intend, by this summary process, to deprive the- debtQr. of all defence. Although all delay was cut off, he was permitted, on the return of the execution, to dispute the whole, or any part of the debt. .But. while. the law allows him-to dispute the debt,-'it still guards against delay. -An. issue' is Jo be made up immediately, and tried at the same term. While the law ' thus carefully guards against procrastination, it does not interfere with the defence which the party is' at liberty to set up.' It does not prescribe the nature of that defence^ or deprive him of any which might have been used, had the ¿Cr tion been commenced in the ordinary way-. Had the bank óf Columbia proceeded in the common,course of law, the defendant could have pleaded the act of limitations, in bar of the action. If we are correct in saying, that the object of the- section óf the incorporating act which has been recited,, was expedition, not the ademption óf-legal defences; we think this a mode of disputing the debt, of which he might still avail himself:
 

 , There is no error in the judgment of the circuit court, and it is. affirmed with costs.
 

 This cause came on to be heard on a transcriptof the,record from the circuit court of the United'States for the district of Columhia,. holden in and for the county of Washington, and was argued by counsel; on consideration whereof, it is. considered, ordered and adjudged by this Court, that the judgment of the said circuit court in this causé be, and the same is hereby affirmed with costs.